**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CWT Canada II, LP, an Ontario, Canada Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>Elizabeth J. Danzik, an individual, et al.,<br><br>Defendants. | No. CV16-0607 PHX DGC<br><br>**ORDER** |

The Court may set aside an entry of default if good cause is shown. Fed. R. Civ. P. 55(c). The Court considers (1) whether there was culpable conduct on the part of the defendant, (2) whether any meritorious defenses are available, and (3) whether there is any prejudice to the plaintiff. *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Id*. at 697. In this case, Defendant Danzik sought counsel immediately after the default was entered and filed a motion to set it aside within 30 days. Docs. 22, 26, 33.

To establish that a meritorious defense exists, a defendant must allege specific facts that would constitute a defense. *Id*. at 700. The Court need not conclude that the defendant will prevail on the alleged defense to determine that this factor weighs in favor of setting aside default. *Apache Nitrogen Products, Inc. v. Harbor Insurance Co.*, 145 F.R.D. 674, 682 (D. Ariz. 1993). The Court finds Danzik's explanation of her defense

sufficiently plausible to satisfy this requirement.

Prejudice concerns any adverse effects the plaintiff might suffer if the default is set aside. Requiring Plaintiff to make its case on the merits rather than by default is not the kind of prejudice that satisfies good cause.

After considering these factors, the Court will grant Defendant Elizabeth Danzik's motion to set aside the Clerk's entry of default. Doc. 33.

There is still the matter of service of process to be addressed. The Court could schedule a hearing and take testimony from various witnesses on the issues hotly disputed in the parties' papers, but this appears unnecessary and wasteful. If Ms. Danzik's counsel can simply accept service, a hearing will be unnecessary. If Ms. Danzik declines to have her attorney accept service, the Court likely will proceed with an evidentiary hearing, and may assess fees and costs if it concludes that one party or the other sought to mislead the Court or multiply proceedings unnecessarily. Ms. Danzik's counsel should file a notice by **October 12, 2016**, stating whether she agrees that he may accept service on her behalf.

The Court will enter a ruling with respect to the motion for a default judgment against Defendant Deja II, LLC in a separate order.

**IT IS ORDERED** that the motion to set aside default (Doc. 33) is **granted**.

Dated this 6th day of October, 2016.

_____
David G. Campbell
United States District Judge