**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CWT Canada II LP., an Ontario, Canada limited partnership, et al., | No. CV16-0607 PHX DGC |
| Plaintiffs, | **ORDER AND DEFAULT JUDGMENT** |
| vs. | |
| Elizabeth J. Danzik, an individual, et al., | |
| Defendants. | |

Plaintiffs have filed a motion for default judgment against Elizabeth J. Danzik and Deja II, LLC pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  Doc. 34. Pursuant to the Court's Order (Doc. 47), default has been set aside for Ms. Danzik and the motion is moot with respect to her.  This order relates only to Deja II, LLC.

I.      **Background.**

This case is a civil action brought against Deja II, LLC ("Deja") for breach of contract, unjust enrichment, fraud, conversion, and money had and received.  Doc. 1 at 1. The complaint was filed on March 4, 2016.  Doc. 1.  Deja has not answered or otherwise responded to the complaint.  On June 29, 2016, the Clerk entered default.  Doc. 16. Plaintiffs filed the motion for default judgment on August 4, 2016.  Doc. 34.

II.     **The Motion for Default Judgment.**

Once a party's default has been entered, the district court has discretion to grant default judgment against that party.  *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616

F.2d 1089, 1092 (9th Cir. 1980).  Factors the court may consider in deciding whether to grant default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits.  *See Eitel v.McCool*, 782 F.2d 1470, 1471-72.  In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### A.     Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of granting Plaintiffs' motion.  Plaintiffs served process on Deja on April 1, 2016.  Doc. 11.  Deja has not answered or otherwise appeared in this action.  If Plaintiffs' motion is not granted, Plaintiffs "will likely be without other recourse for recovery."  *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B.     The Merits of Plaintiffs' Claims and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief.  *See  Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)).  A review of Plaintiffs' complaint and the attached exhibits shows that Plaintiffs have stated valid causes of action against Defendant.  *See* Doc. 1 at 1.

### C.     The Amount of Money at Stake.

Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of the defendant's conduct.  *See Cal. Security Cans*, 238 F. Supp. 2d at 1176.  Plaintiffs seek $999,975.00, $332,324.50 in pre-judgment interest through July 22, 2016, and post-judgment interest pursuant to 28 U.S.C. § 1961.

### D.     Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiffs'] motion."  *Cal. Security*

*Cans*, 238 F. Supp. 2d at 1177; *see Geddes*, 559 F.2d at 560.

**E.     Whether Default Was Due to Excusable Neglect.**

Defendant was properly served with the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Docs. 11.  It therefore is "unlikely that [Defendants'] failure to answer and the resulting default was the result of excusable neglect."  *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

**F.     The Policy Favoring a Decision on the Merits.**

"Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive."  *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted).  Moreover, Defendant's failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible."  *Id.*

**G.     Conclusion.**

Having reviewed Plaintiffs' motion and supporting documents, and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate.  The Court finds that the Affidavit of Jeffrey M. Eilender and attached exhibits sufficiently establish the amount of damages suffered by Plaintiffs and the prejudgment interest due on that liquidated amount.  *See* Doc. 35.  The Court will grant default judgment against Defendant Deja II, LLC in the amount of $999,975.00, $332,324.50 in pre-judgment interest through July 22, 2016, and post-judgment interest pursuant to 28 U.S.C. § 1961.

**IT IS ORDERED:**

1.     Plaintiffs' motion for default judgment (Doc. 34) is **granted** as to Defendant Deja II, LLC and **denied as moot** as to Defendant Elizabeth J. Danzik.

2.     Default judgment is entered in favor of Plaintiffs and against Defendant Deja II, LLC in the amount of $999,975.00, $332,324.50 in pre-judgment

1   interest through July 22, 2016, and post-judgment interest pursuant to 28

2   U.S.C. § 1961.

3   Dated this 17th day of October, 2016.

4

5

6

7   _____

8   David G. Campbell
    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -