**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CWT Canada II, LP, an Ontario, Canada Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>Elizabeth J. Danzik, an individual, et al.,<br><br>Defendants. | No. CV16-0607 PHX DGC<br><br>**ORDER** |

Plaintiffs CWT Canada II, LP and Resource Recovery Corp. ask the Court to consolidate this action with *CWT Canada II, LP, et al., v. Kevin Bridges, et al.*, No. 16-cv-02577-GMS (the "Bridges Action"). Doc. 54. For the reasons set forth below, the Court will deny the motion.

Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate cases that involve common questions of law or fact. A court has broad discretion in making this decision. *Inv'rs Research Co. v. U.S. Dist. Ct. Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).

**A.     Background Facts.**

This case and the Bridges Action arise out of the same factual occurrences, but involve different claims against different defendants. Both cases arise from the allegedly fraudulent actions of Dennis J. Danzik, the chief executive officer of RDX Technologies Corp., a now-defunct corporation. Plaintiffs allege that Danzik entered into a transaction with Plaintiffs for the sale of Plaintiffs' company, Changing World Technologies, L.P.

("CWT"), to RDX.  Plaintiffs allege that several million dollars in tax credits were paid to RDX in trust for Plaintiffs, but that Danzik stole $5 million of the tax credits by causing RDX to pay them to him directly or in response to bogus invoices.  Plaintiffs also claim that Danzik looted RDX, diminishing Plaintiffs' interest in RDX.  Plaintiffs assert that judgments and criminal contempt citations have been entered against Danzik in New York state court, that criminal investigations are under way, and that Danzik is a fugitive.

**B.     This Action.**

In this action, Plaintiffs have sued Danzik's spouse, Elizabeth J. Danzik ("Elizabeth"), and a limited liability company allegedly owned by Danzik and Elizabeth, Deja II, LLC.  Doc. 1.  Plaintiffs allege that Elizabeth received $730,000 of the money Danzik stole from Plaintiffs, and must return it to Plaintiffs.  Plaintiffs also allege that Elizabeth and Deja II participated in a fraud against Plaintiffs.  They claim that Danzik, Elizabeth, and Deja II entered into a transaction with Plaintiffs under which Plaintiffs paid Deja II $1 million in Canadian currency in exchange for what was to be freely tradeable stock in RDX.  *Id.*, ¶ 3.  Plaintiffs specifically allege that this transaction was separate from the sale of CWT to RDX.  *Id.*, ¶ 71.  Plaintiffs contend that Deja II received the money, but provided them with restricted stock that was not tradeable.  Plaintiffs allege that Elizabeth signed an agreement on behalf of Deja II that included misrepresentations and fraudulently induced Plaintiffs to part with their money.  A default judgement has been entered in this action against Deja II.  Doc. 49.

**C.     Bridges Action.**

In the Bridges Action, Plaintiffs claim that Defendants Kevin Bridges and Richard Carrigan were the chief financial officer and a board member of RDX, respectively. Bridges Doc. 1, ¶ 5.[1]  Plaintiffs allege that Bridges and Carrigan approved the transfers of Plaintiffs' tax credit funds from RDX to Danzik, knowing that the transfers were unjustified.  Plaintiffs allege that the corporate veil and business judgment rule do not shield Bridges and Carrigan because each committed torts on behalf of RDX.  *Id.*, ¶ 8.

---

[1] Citations to documents in Case 16-cv-02577-GMS will be to "Bridges Doc."

Plaintiffs also allege that Bridges and Carrigan hid from regulators and public investors the fact that Danzik stole $5 million of the tax credits and stole another $6 million of shareholder money through fraudulent transactions with RDX. *Id.*, ¶ 7.  Plaintiffs have sued Bridges and Carrigan for fraud committed in their capacity as officers and directors of RDX, conversion of funds paid to RDX, tortious interference with the obligations between RDX and Plaintiffs, breach of trust, misappropriation of trust assets, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment.

**D.     Analysis.**

Plaintiffs do not claim that Elizabeth or Deja II were involved in the operations of RDX, authorized allegedly wrongful payments from RDX to Danzik, facilitated Danzik's looting of RDX, or engaged in breach of fiduciary duty or breach of trust.  The claims against Elizabeth and Deja II do not raise the corporate governance and shield issues likely to arise in these claims against Bridges and Carrigan.

Similarly, Plaintiffs do not allege that Bridges and Carrigan were involved in the operations of Deja II or had any involvement in the fraud Elizabeth and Deja II allegedly committed against Plaintiffs.  Nor do Plaintiffs allege that Bridges and Carrigan received any part of the $730,000 allegedly paid by Danzik to Elizabeth.

The two cases involve different defendants and different claims.  Although the background transactions are the same, the liability-creating conduct is quite different and will be subject to different discovery, defenses, and legal standards.  To the extent both cases will require some discovery of Danzik's alleged wrongdoing, Plaintiffs can and should coordinate between this action and the Bridges Action.  The Court does not see a good reason, however, to consolidate different legal claims against different defendants.

**IT IS ORDERED** that Plaintiffs' motion to consolidate (Doc. 54) is **denied.**

Dated this 29th day of November, 2016.

_____
David G. Campbell
United States District Judge