**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| CWT Canada II Limited Partnership, an Ontario, Canada Limited Partnership, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Elizabeth J. Danzik, an Individual, et al., <br><br> Defendants. | No. CV16-0607 PHX DGC <br> CV16-2577 PHX DGC <br> CV17-0969 PHX DGC <br> (consolidated) <br><br> **ORDER** |

Plaintiffs CWT Canada II Limited Partnership and Resource Recovery Corporation (collectively, "CWT" or "Plaintiffs") move to strike certain defense theories raised by Defendants Tony Ker, Richard Carrigan, Elizabeth Danzik, and Danzik Applied Sciences, LLC ("DAS") as barred by the doctrine of res judicata. Doc. 128. Plaintiffs also move for a protective order prohibiting Defendants from conducting discovery on the theories, and for an order quashing two nonparty subpoenas aimed at obtaining such discovery. *Id.* The motion is fully briefed. Docs. 133, 136. The Court will deny the motion.

**I.    Legal Standard.**

Motions to strike are viewed with disfavor and are not frequently granted. S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary* at 302 (2017) (citing cases). They "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Netflix, Inc. v. Blockbuster, Inc.*, No. C06-02361 WHA, 2006 WL 2458717, at *8 (N.D. Cal. Aug. 22,

2006). The Court's local rules attempt to curtail the overuse of motions to strike. *See* LRCiv 7.2(m).

**II.     Discussion.**

The Court's order of January 26, 2018, held that claims brought by Dennis Danzik and RDX Technologies, Corp. were precluded because they could have been raised in a prior action in New York involving the same parties and underlying transaction (the "New York Action"). *See* Doc. 119 at 16-23. CWT now argues that the remaining Defendants, who were not parties in the New York Action, are precluded from defending themselves in this suit because "they are in privity with Dennis and RDX." Doc. 128 at 4. Plaintiffs ask the Court to preclude Defendants from arguing "that (1) the CWT Parties defrauded RDX into entering into the UPA; (2) RDX was entitled to retain the tax credits, either because of the CWT Parties' alleged fraud or because of the terms of the UPA; (3) Dennis did not convert the tax credits; and (4) RDX was not required to keep the tax credits it received in a segregated account, or RDX was permitted to spend the tax credits upon receipt." Doc. 128 at 5.

Plaintiffs' issue-preclusion argument is misguided. Even if the Court were to assume that privity exists, Plaintiffs cite no authority for the proposition that the doctrine of res judicata, also known as *claim* preclusion, can be used to preclude a party from asserting particular *issues* in defense of a subsequent suit not initiated by that party. *See Kret v. Brookdale Hosp. Med. Ctr.*, 462 N.Y.S.2d 896, 899 (App. Div. 1983), *aff'd*, 462 N.E.2d 147 (N.Y. 1984) ("[R]es judicata in the sense of claim preclusion 'involves the question of whether a plaintiff's present claim, as distinguished from discrete issues previously litigated, has been extinguished by a final adjudication in a prior proceeding[.]'"). Plaintiffs do not argue that Defendants' theories are precluded by collateral estoppel, which bars relitigation of particular *issues*, nor do they attempt to show that collateral estoppel could be satisfied here. *See Specialty Restaurants Corp. v. Barry*, 236 A.D.2d 754, 755-56 (N.Y. App. Div. 1997) ("Collateral estoppel or issue preclusion 'bars relitigation of issues that have necessarily been determined in a prior proceeding' . . . . As the proponent of preclusion, it was plaintiff's burden to demonstrate

that the issue was actually litigated in [the prior proceeding]."). This likely is because the issues were not litigated in the New York Action – they were resolved on the basis of sanctions against Dennis Danzik and RDX.[1]

Plaintiffs also argue – again on the basis of res judicata – that because Elizabeth was in privity with her co-defendant in this case, Deja II, LLC, and the Court entered default judgment against Deja II, Elizabeth is precluded from asserting any defenses that Deja II could have asserted. Doc. 128 at 13-15. But Plaintiffs cite no precedent to suggest that res judicata would bar a defendant from asserting particular issues simply because her co-defendant defaulted. To the extent Plaintiffs believe that the Court should pierce the corporate veil and hold Elizabeth liable for the judgment against Deja II, the proper avenue to assert that argument is not a motion to strike.

Nowhere in Plaintiffs' motion, reply, or more than 400 pages of supporting exhibits do Plaintiffs provide relevant law to support their theory. This motion falls far short of the clarity and rarity required for a motion to strike. Parties on all sides of this litigation are cautioned to avoid such unnecessary filings in the future.[2]

**IT IS ORDERED** that the motion to strike Defendants' defenses, to quash nonparty subpoenas, and for a protective order (Doc. 128) is **denied**.

Dated this 8th day of March, 2018.

_____
David G. Campbell
United States District Judge

---

[1] Defendants generally have not asserted counterclaims; they simply are attempting to defend against CWT's lawsuit. Defendant Ker has asserted a counterclaim for defamation, but it does not appear that the claim arises out of the same transaction as the New York Action (nor did Plaintiffs make this argument in their motion to dismiss the counterclaim or in this motion).

[2] Plaintiffs also argue that the defenses should be stricken because they are "circular." Doc. 128 at 13. The Court is aware of no law that would allow it to summarily strike a party's defense for this reason.